**SO ORDERED.**



Dated: June 04, 2009

_____
REDFIELD T. BAUM, SR
U.S. Bankruptcy Judge

---

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DEWEY RANCH HOCKEY, LLC,<br><br>COYOTES HOLDINGS, LLC,<br><br>COYOTES HOCKEY, LLC, and<br><br>ARENA MANAGEMENT GROUP, LLC,<br><br>Debtors. | Case No. 2:09-bk-09488<br>(Jointly Administered)<br><br>Chapter 11<br><br>ORDER: (A) CONDITIONALLY AUTHORIZING CONDUCT OF AN AUCTION OF COYOTES HOCKEY, LLC'S ASSETS; (B) ESTABLISHING PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE SALE INCLUDING APPROVAL OF TERMINATION FEE; AND (C) APPROVING FORM AND MANNER OF NOTICE OF SOLICITATION NOTICE<br><br>Date of Hearing: May 27, 2009<br>Time of Hearing: 9:00 a.m. (PDT) |
| This Filing Applies to:<br>■ All Debtors<br>☐ Specified Debtors | |

On the motion dated May 5, 2009 (the "**Motion**"),[1] of the above-captioned and debtors-in-possession (the "**Debtors**"), for entry of an order under 11 U.S.C. §§ 105(a), 363(b), (f) and (m)

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed in the Motion.

1

and 365 authorizing the conduct of an auction of Coyotes Hockey, LLC's assets, establishing procedures to be employed in connection with the sale, including approval of a termination fee, and approving the form and manner of notice of solicitation; and on the record of the hearing held on the Motion on May 27, 2009; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation on the Motion; and good and sufficient cause appearing therefor, it is

**ORDERED THAT:**

1. The Motion is CONDITIONALLY GRANTED.

2. The Debtors are conditionally authorized to proceed with the Auction for the sale of the Assets.

3. The bid procedures attached to this Order as Exhibit "A" (the "**Bid Procedures**") are APPROVED. The Bid Procedures shall govern the procedures for submission of competing bids, if any, to acquire substantially all of the Assets.

4. Any person or entity making a competing bid to acquire the Assets shall submit a Competing Bid in writing to the entities set forth in the Bid Procedures no later than *5:00 p.m. (PDT) on June 17, 2009*, provided that the Court may authorize later Bids in its discretion, as set forth in the Bid Procedures.

5. The Court will conduct a competitive bidding Auction consistent with the Bid Procedures approved by this Order, starting at *10:00 a.m. (PDT) on June 22, 2009*, and determine at the conclusion of the Auction which bid is the highest and best bid for the Assets.

6. A hearing to approve the sale of the Assets at the Auction shall be held immediately after the Auction on *June 22, 2009 at 10:00 a.m. (PDT)* (the "**Sale Hearing**").

7. Any objection to the approval of the APA and/or the sale of the Assets must be filed with the Court by *5:00 p.m. (PDT) on June 17, 2009*. Responses to any such objections shall be

2

PHOENIX/470804.2

filed by *noon (PDT) on June 19, 2009*. Any objections and responses filed shall be argued at the Sale Hearing.

8. The form and manner of notice of the Solicitation Notice is approved in its entirety. The Debtors will file a separate motion to assume and assign those executory contracts intended to be a part of the sale under the APA.

9. The Debtors are authorized and empowered to take or perform such actions and expend such funds as may be necessary to effectuate the terms of this Order.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**SIGNED AND DATED ABOVE**

# EXHIBIT A

**Bid Procedures**

# BID PROCEDURES

1. **Bankruptcy Court Approvals.** On May 5, 2009, Dewey Ranch Hockey, LLC, Coyotes Holdings, LLC, Coyotes Hockey, LLC, and Arena Management Group, LLC (collectively, the "Debtors") filed with the Court and served, among other motions, the "Motion Of The Debtors For An Order Under Sections 105(a) And 363 Of The Bankruptcy Code (i) Authorizing Coyotes Hockey, LLC's Sale Of Substantially All Of Its Assets, Free and Clear of Liens, Claims And Encumbrances, Subject To Higher And Better Offers, And (ii) Approving An Asset Purchase Agreement" (the "Sale Motion"),[1] seeking: (i) authority to sell, free and clear of all liens, claims, and interests, substantially all of Coyotes Hockey, LLC's assets (the "Assets"), including its National Hockey League Franchise ("NHL" and "Club") in accordance with an asset purchase agreement dated May 5, 2009 (the "APA") to PSE Sports & Entertainment LP, the proposed buyer under the APA (the "Proposed Buyer") at an Auction (the "Auction"); (ii) a tentative hearing (the "Sale Hearing"), before the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court") to approve the successful bidder at the Auction; (iii) to approve reimbursement of expenses of the Proposed Buyer if it is not the successful bidder, and (iv) for an order approving certain bid procedures to be utilized at the Auction (the "Bid Procedures").

2. **Tentative Nature of Dates and Times.** These Bid Procedures set forth dates and times for, among other things, the Auction and Sale Hearing. The Court's decision with respect to the Relocation Hearing (defined below) and the issues to be addressed at that hearing will affect these tentative dates. In this regard, the Court has requested that the NHL submit alternative proposed bid procedures, which may govern a sale of Coyotes Hockey, LLC's assets in the event the Court rules that the Club cannot be moved from Glendale, Arizona as contemplated by the APA.

3. **Orders Regarding Conditional Auction Date.** The Bankruptcy Court entered orders: (i) setting June 5, 2009, as the deadline for filing simultaneous legal papers in support or opposition to relocation of the Club to a home territory of the Proposed Buyer's choice (or Competing Bidder's choice) in conjunction with the sale; (ii) setting

---

[1] All capitalized terms not defined in these Bid Procedures have the same meaning ascribed to them in the Sale Motion.

June 9, 2009, at 9:00 a.m. (PDT) as the date and time for determining issues regarding relocation of the Club to a home territory of the Proposed Buyer's choice (or Competing Bidder's choice) in conjunction with the sale ("Relocation Hearing"); (iii) setting June 22, 2009, at 10:00 a.m. (PDT) as the tentative date and time for the Auction which shall take place in the Bankruptcy Court; and (iii) setting June 22, 2009, as the tentative Sale Hearing to approve the sale of the Assets (which date and time occurs immediately after the Auction).

4.  **Consideration of Bids.** Any party in interest wishing to submit a competing bid for the Assets (a "Competing Bid" and "Competing Bidder"), at the Auction is advised of these Bid Procedures, and compliance is recommended by the Court as described below. Any party interested in conducting due diligence with respect to a potential Competing Bid should contact counsel for the Debtors (whose contact information is in ¶ 5 below) and upon execution of an appropriate confidentiality agreement, will be given access to an electronic data room of documents and information.

5.  **Submission and Qualification of Competing Bids.** All Competing Bids are to be in writing and submitted to the Debtors on or before June 17, 2009, at 5:00 p.m. (PDT) at the following address:

Squire, Sanders & Dempsey L.L.P.
Attention: Thomas J. Salerno and Kelly Singer
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004-4498
Fax: (602) 253-8129
tsalerno@ssd.com
ksinger@ssd.com

Counsel for the Debtors will share such information with counsel for the Official Committee of Unsecured Creditors ("Committee"). Competing Bids that are "Qualified Bids" will be considered at the Auction. Non-Qualified Bids may be considered at the Auction, but compliance is recommended by the Court. In order for a Competing Bid to be a Qualified Bid, such Competing Bid must meet the following requirements:

   a)  The Competing Bid must be in writing; all terms and conditions must be disclosed, with no "side arrangements". It is recommended that the Competing Bid be accompanied by a form of APA black-lined off the Proposed Buyer's APA,

as modified and attached to the Sale Procedures Notice, to show changes to the Proposed Buyer's APA.

b) The Competing Bid should be accompanied by a good faith deposit in the form of immediately available funds and a personal guaranty or guarantees, for comparison to the Proposed Buyer's deposit in an amount of $20,000,000 and with a personal guarantee or guarantees by persons with sufficient assets and liquidity to pay the Purchase Price and damages under Section 8.2(b) of the APA;

c) The Competing Bid should attach copies of the Competing Bidder's Application to Acquire NHL Membership or an Ownership Interest in an NHL Member Club ("NHL Transfer Application"), plus an Application for Transfer of Club Location ("NHL Relocation Application") if relocation is required by the Competing Bidder's Competing Bid (which shall set forth the Competing Bidder's proposed Home Territory, Sphere of Influence and Outer Market Territory), as submitted to the NHL, and copies of any NHL responses. The Debtors may file in the Bankruptcy Court such Competing Bids with attached copies of NHL Transfer Applications and NHL Relocation Applications, along with the NHL Transfer Application and NHL Relocation Application of the Proposed Buyer, provided that only summaries of confidential documents shall be included in the public record;

d) The Competing Bid should be on terms that are not more burdensome to the Debtors or more conditional in any material respect including, without limitation, in respect of price, conditions to closing, third-party consents, regulatory approvals or the likelihood thereof than the transactions contemplated by the APA;

e) The Competing Bid should be accompanied by satisfactory evidence that the Competing Bidder has the financial ability to close the transaction contemplated in the Competing Bid, including, without limitation, providing adequate assurance of future performance under any executory contract to be assumed by Coyotes Hockey, LLC, and assigned to the Competing Bidder, and including the guarantee(s) mentioned in subsection (b) above; and

f) The person or group of persons having submitted the prevailing Competing Bid will be expected to execute and deliver to the Debtors at the conclusion of the Auction (described below) an instrument of irrevocable commitment to the terms described in the prevailing Competing Bid.

Notwithstanding anything contained in these Bid Procedures, the Bankruptcy Court may, in its sole discretion, consider bids that are not Qualified Bids at the Auction and/or the Sale Hearing.

6. **Relocation Hearing.** Any Competing Bidder seeking a relocation of the Club as a condition of its Competing Bid may file a brief by June 5, 2009 in support of its Competing Bid, and may appear and be heard at the Bankruptcy Court Relocation Hearing on June 9, 2009 in support of relocation pursuant to such Competing Bid.

7. **Sale Hearing.** The Bankruptcy Court will hold the Sale Hearing on June 22, 2009, if the Auction proceeds. At the Sale Hearing, the Bankruptcy Court will determine the highest and best offer for the Assets to be sold under the APA among the Proposed Buyer's offer as documented in the APA and any Qualified Bids. The Proposed Buyer and any Competing Bidder that submitted a Qualified Bid may increase their respective bids as many times as they choose and the Bankruptcy Court permits. Additionally, the Bankruptcy Court may, in its sole discretion, consider bids that are not Qualified Bids at the Auction and/or the Sale Hearing. At the close of any such subsequent bidding, the Bankruptcy Court will determine the highest and best bid. At the Sale Hearing, the Bankruptcy Court may also consider any objections to the entry of an order approving the Sale Motion.

8. **Objections.** Any party-in-interest, including the NHL or any member of the NHL, must file an objection with the Bankruptcy Court on or before June 17, 2009 at 5:00 p.m. (PDT), if such party objects to the order approving the Sale Motion, and any replies to such objections shall be filed by June 19, 2009 at noon (PDT). The Debtor has requested that the order approving the Sale Motion will

(i) provide that the Proposed Buyer shall not incur any liability as a successor to the Coyotes Hockey unless such liability is expressly assumed;

(ii) approve the sale of the Assets to the Proposed Buyer on the terms and conditions set forth in the APA, or such higher and better and other terms and conditions offered at the auction, and authorizing Coyotes Hockey, LLC to proceed with this transaction;

(iii) stating that any objections timely filed with respect to the sale of the Assets, which have not been withdrawn, are overruled or the interests of such objecting parties have been otherwise satisfied or adequately provided for by the Bankruptcy Court;

(iv) hold that, if NHL and those of its constituent members that have, or claim to have, consent rights pursuant to the last two sentences of Article 4.3 of the NHL Constitution, does not consent in writing to transfer and/or assumption and assignment (as applicable) of the Phoenix Coyotes to the Proposed Buyer to be performed by the Proposed Buyer with its home games to be played at the location of the Proposed Buyer's choice in Hamilton Ontario, Canada (or performed by the Competing Bidder with its home games to be played at the location of the Competing Bidder's choice as set forth in its Competing Bid) subject to customary terms and conditions in the standard NHL Consent Agreement, with a Home Territory, Sphere of Influence and Outer Market Territory (as such terms are used by the NHL, and as defined in the standard NHL Consent Agreement) set forth in the NHL Relocation Application of the Proposed Buyer or Competing Bidder, as applicable, with no payments or other consideration to the NHL or any of its constituent members,

(1) such written consent was deemed given, or objections to such operations were waived, and/or

(2) the restrictions on assignment to the Proposed Buyer do not bar transfer, assumption and assignment under Bankruptcy Code § 363(f)(4) and 365(b)(2), (c)(1), (f)(1), and they are transferred and assigned free and clear of any such claims, rights or objections as set forth in the Order and as set forth in subsection (viii), below;

(v) find that the Purchase Price represents fair value for the Assets,

(vi) find that the sale is in the best interests of Coyotes Hockey's, LLC's estate and creditors;

(vii) find that the Proposed Buyer is a good faith purchaser of the Assets under Bankruptcy Code § 363(m) and that the provisions of such section have not been violated and the Proposed Buyer is entitled to all protections of that section;

(viii) provide that the sale of the Assets to the Proposed Buyer shall be free and clear of all liens, claims, interests, obligations and encumbrances whatsoever under Bankruptcy Code § 363 and any other applicable sections of the Bankruptcy Code, including claims of the NHL, its related entities, and those of its constituent members that have, or claim to have, consent rights pursuant to the last two sentences of Article 4.3 of the NHL Constitution for relief of any kind on account of the sale and the Proposed Buyer's relocation of the Phoenix Coyotes to the location of Proposed Buyer's choice at which the team's home games will be played in Hamilton, Ontario, Canada (or other location designated in the Competing Bidder's Competing Bid), whether such member is located in the United States or Canada;

(ix) provide that the Court shall retain jurisdiction for the purpose of enforcing the provisions of the sale approval orders including, without limitation, compelling delivery of the Assets to the Proposed Buyer and protecting the Proposed Buyer against any liens, claims, interests, obligations and encumbrances against Coyotes Hockey or the Assets as transferred to the Proposed Buyer (or Competing Bidder), and to the extent permitted by applicable law granting injunctive relief, including permanently enjoining each and every holder of any claim for such liabilities, wherever located, from commencing, continuing or otherwise pursuing or enforcing any remedy, claim, cause of action or encumbrance against the Proposed Buyer (or Competing Bidder) or the Assets;

(x) find that there are no brokers involved in consummating the sale and no brokers' commissions are due;

(xi) authorize and direct Coyotes Hockey, LLC to execute, deliver, perform under, consummate and implement the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the foregoing; and

(xii) determine that the Proposed Buyer (or Competing Bidder) is not a successor to Coyotes Hockey, LLC or otherwise liable for any liabilities not expressly assumed under the APA.

Any objections filed pursuant to this paragraph shall incorporate by reference points and authorities included in briefs filed for the Relocation Hearing and shall not repeat them, and the Bankruptcy Court may incorporate rulings made at or after the Relocation Hearing in its rulings at the Sale Hearing.