C. Taylor Ashworth, 010143
Alan A. Meda, 009213
STINSON MORRISON HECKER LLP
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004
Telephone: (602) 279-1600
Facsimile: (602) 240-6925
tashworth@stinson.com
ameda@stinson.com

J. Gregory Milmoe (*admitted pro hac vice*)
Shepard Goldfein (*admitted pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
gregory.milmoe@skadden.com
shepard.goldfein@skadden.com

Anthony W. Clark (*admitted pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
Wilmington, Delaware 19899
Telephone: (302) 651.3000
Facsimile: (302) 651.3001
anthony.clark@skadden.com

Attorneys for the National Hockey League

### UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Case No. 2:09-bk-09488-RTBP |
| DEWEY RANCH HOCKEY, LLC, | (Jointly Administered) |
| COYOTES HOLDINGS, LLC, | Chapter 11 |
| COYOTES HOCKEY, LLC, and | **NATIONAL HOCKEY LEAGUE'S OPPOSITION TO PSE SPORTS & ENTERTAINMENT L.P.'S MOTION TO SET BRIEFING SCHEDULE WITH RESPECT TO RELOCATION-RELATED ISSUES** |
| ARENA MANAGEMENT GROUP, LLC, | |
| Debtors. | |

This filing applies to:

- All Debtors
- ☐ Specified Debtors

The National Hockey League (the "League" or "NHL"), respectfully submits this opposition to the motion of PSE Sports & Entertainment ("PSE") for an order to set a briefing schedule with respect to relocation-related issues. For the reasons discussed below, the NHL believes that setting such a schedule now, including with papers due prior to the Court's September 2, 2009 hearing, is entirely premature. The NHL also requests that the Court confirm that the NHL's reply in support of its Motion for a Determination that Debtors' NHL Membership Rights May Not Be Transferred to PSE or an Affiliate Thereof (Dkt. #584, the "Transfer Motion") is due to be filed on August 31, 2009.

## 1. Schedule for Relocation-Related Issues

PSE has suggested that the Court set a schedule with respect to the relocation-related issues to be heard on September 10, 2009, including setting a date of August 28 for "Motions on relocation issues, including the proposed amount of any relocation fee and any supporting declarations," and a date of September 3 for "Responses to motions on relocation issues, along with any objections by the NHL to the relocation sale, the NHL's position on a relocation fee and any supporting declarations." (Dkt. #699.)[1] As the NHL repeatedly has informed the Court, because the NHL Board of Governors unanimously voted that Mr. Balsillie is not qualified as a matter of character and integrity to be the owner of an NHL team, his relocation application is moot and the NHL will not consider taking up his relocation application unless and until the Board's determination on ownership is invalidated in this Court (and all available appeals have been exhausted). (Tr. 8/11/09 Hr'g at 36-39, 72.)[2] The Court has scheduled to consider on September 2, the NHL's Transfer Motion – i.e., whether the Coyotes can be sold to PSE over the NHL's objection. Thus, it is entirely premature for any briefing to occur on relocation issues at least until

---

[1] The August 13 Revised Bid Procedures Order sets a due date of September 1 for "Objections to Relocation Sale and NHL Response to Transfer and Relocation Applications and position on Relocation Fee." (Dkt. #636 at 2.) For the reasons discussed herein, to the extent this filing would require a Board of Governors' decision on PSE's relocation application and, if necessary, determination of any appropriate relocation and indemnification fees, the NHL requests that the Court continue this date as well.

[2] The NHL also has represented to the Court that, should it deny the NHL's Transfer Motion, the NHL is prepared to work as quickly as possible thereafter to process PSE's relocation application. (Tr. 8/11/09 Hr'g at 37-39.)

this Court makes a ruling on the NHL's Transfer Motion, and then only if the Court rules that the Club can be sold to PSE and the NHL has exhausted all available appeals.

The Court is well aware that the parties in this proceeding have precious little time remaining until the September 10 Sale Hearing – indeed, only nine business days remain between now and then. Within that time, the parties need to complete briefing on the motions set for the September 2 hearing, conduct numerous depositions, complete their document productions and file a multitude of pleadings outlined in the August 13 Revised Bid Procedures Order. With all of the business to be completed, it would be a waste of time to engage in extensive briefing on the completely hypothetical issues of whether the NHL could in good faith reject PSE's relocation application[3] and whether, if the NHL either ultimately approves the application or is ordered by a Court of final jurisdiction to do so, the relocation (and, potentially, indemnity) fees that it assesses are reasonable. The parties briefed these hypothetical issues months ago and on June 15 the Court deferred ruling on them because "there is no factual or legal history for the court to analyze." (Dkt. #341 at 14.) As was the case then, the NHL still has not "made any decision about the relocation of the Phoenix Coyotes to any site, be it Ontario, Canada or anywhere else, i.e., the NHL has not yet applied its relocation requirements to this request." (Id.) Accordingly, the Court should not allow additional briefing at this point because it would not provide anything new for the Court to analyze.

2.  **Schedule for Transfer Motion Briefing**

As a separate briefing schedule issue, the NHL filed its Transfer Motion on August 7, 2009. PSE filed an "Initial Response" on August 10. At the August 11 hearing, the Court ruled that the NHL's motion would be heard on September 2 (Tr. 8/11/09 Hr'g at 77, 80-81 ("that [should] be issue number 1")), and set a briefing schedule for all issues to be heard at that hearing as follows: (i) motions were due on August 18, to the extent not already filed (id. at 82); (ii) oppositions to any of those motions are due on August 25; and (iii) replies are due on August 31. (Id. at 82-83.) The parties (including the NHL, the Debtors and PSE, among others) held a meet and confer on August

---

[3] This Court already has ruled that the NHL's relocation rules on their face are not anticompetitive and that the NHL is entitled to assess reasonable relocation fees, so these two issues would not be included in the briefing.

12, during which they confirmed (i) that the NHL had already briefed the issue of whether Debtors' interests may be transferred to PSE notwithstanding the Board of Governors' decision to reject him as an NHL owner; (ii) that the NHL did not anticipate amending that motion (e.g., the August 7 motion should be deemed filed on August 18 for the purposes of the briefing schedule); and (iii) that any oppositions to that motion would be due on August 25.

In contravention of the Court's schedule and the agreement among the parties, on August 18, PSE filed what amounts to an opposition to the Transfer Motion, obliquely styling it as a "Motion for Determination that the Debtors' Interests May Be Transferred to PSE Notwithstanding the NHL's Refusal to Consent." (Dkt. # 701.) This "Motion" relates to exactly the same topic as the Transfer Motion and, in fact, repeatedly references and criticizes the Transfer Motion. PSE's intent is clear – to get four bites at the apple – including the last word – on a motion that all parties agreed was made by the NHL and should have been opposed by PSE on August 25.[4]

The NHL hereby informs the Court that it intends to treat this "Motion" as the opposition it really is, and to file a reply to it on August 31.[5] If the Court considers it necessary, the NHL also respectfully requests that the Court confirm that PSE may not disregard the Court's briefing schedule, that PSE's "Motion" regarding transfer issues is in fact a response to the NHL's Transfer Motion, and therefore the <u>only</u> remaining pleading to be filed is the NHL's reply brief on August 31, 2009.

---

[4] This is the latest in what has become a practice of PSE to ignore the briefing schedules set by the Court and file improper and unauthorized sur-replies, including most recently with respect to the NHL's motions to compel production of documents and for a protective order excluding Mr. Rodier from attending depositions. For those motions, the Court ordered the NHL to file a short brief on August 19 by 9:00 a.m., to which PSE would respond by noon and the NHL would reply by 2:00 p.m. Under that schedule, PSE was entitled to <u>one</u> brief on the issue. Incredibly, PSE filed <u>four</u> briefs on the subject: (i) Motion to Allow PSE Representative to Attend Certain Depositions, filed at 9:27 a.m. (Dkt. #709); (ii) PSE Response to NHL Supplemental Brief in Support of 2004 Production from PSE, Balsillie and Rodier, filed at 12:08 p.m. (Dkt. #712); (iii) PSE Reply on Motion to Allow Rodier at Depositions, filed at 3:38 p.m. (Dkt. #719); and (iv) PSE Notice of Errata Regarding Reply on Motion to Allow Rodier to Attend Depositions, filed on August 20 at 10:21 a.m. (Dkt. #728).

[5] To the extent PSE's brief is styled as a "Motion," the NHL obviously opposes it for the reasons stated in the Transfer Motion and those forthcoming in its August 31 reply.

Respectfully submitted this 25th day of August, 2009.

      STINSON MORRISON HECKER LLP

      By: /s/ Alan A. Meda (#009213)
        C. Taylor Ashworth, 010143
        Alan A. Meda, 009213

and

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
  J. Gregory Milmoe
  Shepard Goldfein
  Anthony W. Clark

  Attorneys for the National Hockey League