**SO ORDERED.**

**Dated: January 12, 2011**



_____
**REDFIELD T. BAUM, SR**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>COYOTES HOCKEY, LLC,<br><br>              Debtor. | Chapter 11<br>Case No. 2:09-bk-09488-RTBP<br>(Jointly Administered)<br><br>**ORDER: (A) APPROVING AMENDED DISCLOSURE STATEMENT; (B) APPROVING SOLICITATION PROCEDURES; (C) SCHEDULING HEARING ON PLAN CONFIRMATION; AND (D) APPROVING NOTICE** |

On the renewed motion dated December 1, 2010 (the "**Motion**")[1] of Coyotes Hockey, LLC, the above-captioned debtor-in-possession (the "**Debtor**") for entry of an order, under 11 U.S.C §§ 1125 and 1128 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), and Rules 2002, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (a) approving the *Disclosure Statement In Support Of Second Amended Plan*, as amended by the *Amended Disclosure Statement In Support of Second Amended Plan*, dated January 12, 2011 (the "**Disclosure Statement**") to be used in connection with the solicitation of votes to accept or reject the Debtor's *Second Amended Plan* (the "**Plan**"); (b) scheduling the Confirmation Hearing; (c) authorizing the Solicitation of votes on the Plan;

---

[1] All capitalized terms not defined in this Order have the same meanings ascribed to them in the Motion.

PHOENIX/567099.1

and (d) approving the manner and form of notice of the Confirmation Hearing and the distribution of the Solicitation Packages; this Court finds that: (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; (v) no objections were received; (vi) adequate and proper notice of the Motion, a hearing on it has been given, and no other or further notice is necessary; (vii) the Disclosure Statement contains adequate information as that term is defined in Bankruptcy Code § 1125; and (viii) good and sufficient cause exists for granting the relief requested in the Motion as set forth in this Order,

**IT IS ORDERED** that:

1. The Motion is GRANTED, in accordance with the terms stated in this Order.

2. Any objections not resolved on the record are OVERRULED.

3. The Disclosure Statement contains adequate information as that term is defined in Bankruptcy Code § 1125 and is approved to be used in connection with the solicitation of votes to accept or reject the Plan.

4. The Confirmation Hearing Notice attached to the Motion as Exhibit A is approved.

5. The form of the Ballot, attached to the Motion as Exhibit B is approved.

6. The Debtor is authorized to engage in the solicitation of votes on the Plan.

7. The Debtor is directed to mail or cause to be mailed, by no later than **January 17, 2011**, Solicitation Packages containing: (a) a compact disk with complete copies of (i) the Court-approved Disclosure Statement and all its appendices, including the Plan (and all the

Plan's exhibits); (ii) this Order; (iii) the Confirmation Hearing Notice; (b) a paper Ballot (and pre-addressed return envelope); and (c) a paper instruction sheet detailing the use of the compact disk and alternative means of obtaining electronic or paper copies of the compact disk's contents.

8. The Debtor must mail the Solicitation Packages to: (1) the Office of the United States Trustee of the District of Arizona; and (2) each individual or entity that holds a claim that is impaired under the Plan and entitled to vote under the Plan as identified in the Motion. The Debtor is instructed to e-mail or mail the Confirmation Hearing Notice to all creditors and equity security holders not entitled to vote on the Plan.

9. All Ballots must be properly executed, completed, and delivered to counsel for the Debtor by: (i) first-class mail; (ii) overnight courier; or (iii) personal delivery so that it is received by no later than **5:00 p.m., Mountain Standard Time on February 16, 2011** (the "**Voting Deadline**"), at the following address:

> **Coyotes Plan Voting**
> **Squire, Sanders & Dempsey (US) LLP**
> **Attn: Karen Graves**
> **One East Washington Street, Suite 2700**
> **Phoenix, Arizona 85004**

10. The Debtor's proposed procedures for vote tabulation are approved as follows:

   a. If a claim is deemed allowed in accordance with the Plan, such claim is temporarily allowed for voting purposes in the deemed allowed amount;

   b. If the Debtor and a holder of a claim have agreed to allow such holder's claim in a particular amount for voting purposes only and have filed with the Court a stipulation memorializing such agreement by the Voting Deadline, such claim is temporarily allowed for voting purposes only in the stipulated amount, **but**:

   (1) no claim is to be temporarily allowed for voting purposes in accordance with this provision unless the Court approved such stipulation on notice to the parties listed on the Official Service List and a hearing; and

(2) the Court will approve, without conducting a hearing, any such stipulation duly executed, filed with the Court, and served on the parties listed on the Official Service List not objected to by the Voting Deadline;

c. If a claim for which a proof of claim has been timely filed is marked as contingent, unliquidated, or disputed on its face, or the claim for which a proof of claim has been timely filed is listed as contingent, unliquidated, or disputed on the Schedules, either in whole or in part, such claim is temporarily allowed for voting purposes at the lesser amount of:

(1) the amount stated in the proof of claim, irrespective of any designation as contingent, unliquidated, or disputed;

(2) the amount stated for such claim in the Schedules, irrespective of any designation as contingent, unliquidated, or disputed;

(3) an amount set forth in a stipulation, approved by an order of the Court, between the holder of such claim and the Debtor;

d. If a claim has been made subject to a pending estimation motion or otherwise estimated or allowed for voting purposes by order of the Court prior to the Voting Deadline, such claim is temporarily allowed in the amount proposed to be estimated or so estimated or allowed by the Court;

e. If a claim has been made subject to a pending objection by the Debtor or any other party-in-interest under Bankruptcy Code § 502(a) and Bankruptcy Rule 3007, where such objection remains unresolved as of the Voting Deadline, such claim is temporarily disallowed for voting purposes under the Plan; and

f. If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not timely filed, such claim is temporarily disallowed for voting purposes under the Plan.

11. If the Debtor objects to the allowance of a Ballot for voting purposes, the Debtor may file such objection no later than three business days after the Voting Deadline and request a

hearing to determine the allowance of such Ballot for voting purposes to be held on or before the date of the Confirmation Hearing.

12. The Confirmation Hearing for the Plan will take place before this Court on **February 23, 2011 at 10:00 a.m. Mountain Standard Time**.

13. The form, manner and sufficiency of notice of the Confirmation Hearing, and of the time set for filing objections to confirmation of the Plan as set forth in the Motion are approved. The Debtor's proposed limitation of notice for the Confirmation Hearing and the hearing on the Disclosure Statement with respect to those parties listed on Schedule E of the Debtor's schedule of assets and liabilities and identified as "Deposits by Individuals" is approved.

14. The last date to file objections to confirmation of the Plan is **February 16, 2011 at 5:00 p.m. Mountain Standard Time**, unless further extended by order of the Court (the "**Confirmation Objection Deadline**").

15. Objections to confirmation of the Plan, if any, must: (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the local Bankruptcy Rules; (c) set forth the name of the objector, and the nature of the amount of any claim or equity security interest asserted by the objector against the estate or property of the Debtor; (d) state with particularity the legal and factual basis for such objection; and (e) be filed with the Clerk of the United State Bankruptcy Court for the District of Arizona, together with proof of service, and served by personal service or overnight delivery, so as to be received no later than 5:00 p.m. Mountain Standard Time, on the Confirmation Objection Deadline by: (i) Squire, Sanders & Dempsey (US) LLP, One East Washington Street, Suite 2700, Phoenix, AZ 85004, Attn: Jordan A. Kroop,

Esq., counsel for the Debtor, and (ii) the Office of the United States Trustee for the District of Arizona, 230 North First Avenue, Suite 204, Phoenix, AZ 85003, Attn: Larry Watson, Esq.

16. The Court will only consider timely filed written objections to confirmation of the Plan and all objections not timely filed and served in accordance with the provisions of this Order are deemed waived.

17. The Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

18. To the extent this Order is inconsistent with any other prior order or pleading with respect to the Motion in this case, the terms of this Order govern.

19. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.