Thomas J. Salerno (AZ Bar No. 007492) Thomas.Salerno@ssd.com
Jordan A. Kroop (AZ Bar No. 018825) Jordan.Kroop@ssd.com
**SQUIRE, SANDERS & DEMPSEY (US) LLP**
One East Washington Street
Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4000
Counsel to the Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>COYOTES HOCKEY, LLC,<br><br>      Debtor. | Chapter 11<br>Case No. 2:09-bk-09488-RTBP<br>(Jointly Administered)<br><br>**DECLARATION OF JERRY MOYES IN SUPPORT OF CONFIRMATION OF SECOND AMENDED PLAN**<br><br>**Hearing Date:**     **February 23, 2011**<br>**Hearing Time:**     **10:00 a.m.** |

      1.      I declare the following under 28 U.S.C. § 1746 and penalty of perjury in support of confirmation of the *Second Amended Plan,* dated December 1, 2010 (the "**Plan**"),[1] proposed to resolve all claims against and equity interest in Coyotes Hockey, LLC (the "**Debtor**").

      2.      I am the managing member of the Debtor. I have been intimately involved in the prosecution of this Chapter 11 case since its inception. I make this Declaration in support of confirmation of the Plan. If called to, I would testify competently to the facts in this Declaration. The statements I make in this Declaration are based on facts known to me personally, or are based on my review of relevant documents or my opinion based on experience, knowledge, and information concerning the Debtor, its financial affairs, and the Plan.

      3.      Through consultation with the Debtor's counsel, I was involved in the formulation, negotiation, and drafting of the Plan. I am familiar with its provisions.

---

[1] All capitalized terms used but not defined in this Declaration mean what they mean in the Plan.

4. After consulting with the Debtor's counsel, I am aware that Bankruptcy Code § 1129 sets forth several criteria that must be met for the Court to confirm the Plan. I have reviewed these criteria and have reviewed the Plan with an eye toward them. I offer the following testimony, made from personal knowledge, with respect to each of the Bankruptcy Code § 1129 factual criteria listed below.

5. **§ 1129(a)(1)** – The Plan constitutes all elements of the Debtor's proposed liquidation and every provision of the Plan complies with applicable provisions of the Bankruptcy Code. Every claim against and interest in the Debtor is adequately classified under the Plan, and no provision of the Plan provides for relief beyond what is permissible under the Bankruptcy Code.

6. **§ 1129(a)(2)** – As the Plan's proponent, the Debtor has, to the best of my knowledge and at all times, conducted itself in accordance with the Bankruptcy Code, including: (a) soliciting votes on the Plan in a manner consistent with the Court's *Order: (A) Approving Amended Disclosure Statement; (B) Approving Solicitation Procedures; (C) Scheduling Hearing On Plan Confirmation; And (D) Approving Notice* (the "**Solicitation Order**") and with Bankruptcy Code § 1126; (b) complying with all aspects of all other orders of the Court; and (c) managing the Debtor's financial affairs within the confines established by the Bankruptcy Code and orders of the Court.

7. **§ 1129(a)(3)** – At its essence, the Plan provides for the liquidation, over time, of the Debtor's assets for the benefit of all unsecured creditors by vesting the estate's assets in a Liquidation Trust to be run by Michael Carmel, an independent, experienced third party, for the sole benefit of unsecured creditors. The Debtor has made every effort to treat all similarly-situated creditors equally and fundamentally fairly, and I believe the Plan succeeds in doing so. The burden of the Debtor's reorganization was not placed disproportionately on one Class of creditors or another, except to the extent that priorities among Classes of creditors dictated by the Bankruptcy Code required certain disproportionate treatment among certain creditors. Under all circumstances, although the Plan does not likely provide for payment in full of all Claims, the

Plan does fairly achieve the Debtor's liquidation for the maximum possible benefit of all creditors, a result consistent with the objectives and purposes of Chapter 11.

8. **§ 1129(a)(4)** – All payments made or to be made under the Plan, for services or for costs and expenses in, or in connection with, this Chapter 11 Case, or in connection with the Plan and incident to this Chapter 11 Case, have been approved by this Court or are subject to this Court's approval as reasonable.

9. **§ 1129(a)(5)** – The Plan and the Disclosure Statement identifies Mr. Carmel as the individual that will serve as the Trustee of the Liquidation Trust from and after the Effective Date. The Debtor believes that the appointment of Mr. Carmel serves the best interests of the Debtor's creditors and comports with public policy. No insiders will remain involved with the Liquidation Trust after the Effective Date.

10. **§ 1129(a)(6)** – This subsection requires governmental and regulatory approval of any rate change implemented under the terms of the Plan. I do not believe that this provision is applicable to the Debtor or the Plan since the Debtor will not be conducting business following confirmation of the Plan that implicates governmental or regulatory approval of any rates.

11. **§ 1129(a)(7)** – I have reviewed the *Ballot Report*, filed with the Court on February 21, 2011. With respect to each Class of Claims or Equity Interests under the Plan, each holder of a Claim or Equity Interest in such Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

12. **§ 1129(a)(8)** – As described in the *Ballot Report*, Classes 2 and 3 are impaired under the Plan and have voted to accept the Plan. Class 1 is unimpaired under the Plan and is deemed to have accepted the Plan without voting. Class 4 does not receive or retain any property under the Plan and is deemed to have rejected the Amended Plan without voting.

13. **§ 1129(a)(9)** – In accordance with Bankruptcy Code § 1129(a)(9)(A), the Plan provides that each holder of an Allowed Administrative Claim will be paid in full in Cash (or

otherwise satisfied in accordance with its terms) on or after the Effective Date, as agreed by each such holder. Allowed Professional Fee Claims will be paid in full in Cash when they are Allowed. In accordance with Bankruptcy Code § 1129(a)(9)(B), the Plan provides that each holder of an Allowed Priority Claim will be paid in full in Cash on the later of the Effective Date and 30 days after such Claim becomes Allowed, unless such holder agrees to a different treatment. In accordance with Bankruptcy Code § 1129(a)(9)(C), the Plan provides that each holder of an Allowed Priority Tax Claim will be paid in full in Cash on the Effective Date except that the Liquidation Trust reserves the right to pay any such Claim over time, as and to the extent provided in the Plan, which is wholly consistent with the terms of Bankruptcy Code § 1129(a)(9)(C). There are no secured tax claims against the Debtor, so Bankruptcy Code § 1129(a)(9)(D) does not apply to the Plan.

14. **§ 1129(a)(10)** – As stated above and as reflected in the *Ballot Report*, Classes 2 and 3 have voted unanimously to accept the Plan.

15. **§ 1129(a)(11)** – I believe that the Plan is "feasible" and that Confirmation of the Plan will necessarily not be followed by the need for further reorganization of the Debtor. The Liquidation Trust exists for the express purpose of liquidating its assets over time.

16. **§ 1129(a)(12)** – I believe the estate is current with respect to all fees payable to the United States trustee under 28 U.S.C. § 1930(a)(6). If any such fees have not been paid, the Plan provides for the payment of all such fees on the Effective Date or as they come due after that time.

17. **§ 1129(a)(13)** – The Debtor was never a party to a collective bargaining agreement, so this subsection is inapplicable to the Debtor and the Plan.

18. **§ 1129(b)** – Class 4, an impaired Class of Equity Interests, is deemed to have rejected the Plan under Bankruptcy Code § 1126(g). Therefore, Bankruptcy Code § 1129(a)(8) is the only subsection of § 1129(a) that the Plan does not satisfy. Under Bankruptcy Code § 1129(b)(2)(C), the Plan is fair and equitable to the Equity Interests in Class 4 because no

holder of any interest junior to the Equity Interests in Class 4 receive or retain any property under the Plan.

19.     With reference to Bankruptcy Code § 1129(d), the principal purpose of the Plan is to effect the liquidation the Debtor's assets in satisfaction of the Debtor's debts, not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act.

Dated February 21, 2011

                                         */s/ Jerry Moyes*
                                         JERRY MOYES