Thomas J. Salerno (AZ Bar No. 007492) Thomas.Salerno@ssd.com
Jordan A. Kroop (AZ Bar No. 018825) Jordan.Kroop@ssd.com
**SQUIRE, SANDERS & DEMPSEY (US) LLP**
One East Washington Street
Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4000
Counsel to the Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>COYOTES HOCKEY, LLC,<br><br>      Debtor. | Chapter 11<br>Case No. 2:09-bk-09488-RTBP<br>(Jointly Administered)<br><br>**BALLOT REPORT**<br><br>**Hearing Date:    February 23, 2011**<br>**Hearing Time:    10:00 a.m.** |

      Coyotes Hockey, LLC, the debtor-in-possession (the "**Debtor**") and proponent of the *Second Amended Plan,* dated December 1, 2010 (the "**Plan**"),[1] respectfully submits this report on the results of the Debtor's solicitation of votes to accept or reject the Plan.

      1.     On January 12, 2011, the Court entered its *Order: (A) Approving Amended Disclosure Statement; (B) Approving Solicitation Procedures; (C) Scheduling Hearing On Plan Confirmation; And (D) Approving Notice* [DE #1374] (the "**Solicitation Order**"), approving the *Amended Disclosure Statement in Support of Second Amended Plan* [DE #1372] (the "**Disclosure Statement**").

      2.     The Debtor used the Disclosure Statement to solicit votes to accept or reject the Plan. The Debtor mailed, among other things, copies of the Plan, the Disclosure Statement, the Solicitation Order, and ballots to be used by holders of Claims in Classes 2 and 3 under the Plan in accordance with the Solicitation Order. Voting on the Plan concluded on February 16, 2011.

---

[1] All capitalized terms used but not defined in this report mean what they mean in the Plan.

3.      The Debtor's counsel received three ballots, all of which were accepting ballots. Both Class 2 ballots accepted the Plan. The remaining ballot was a composite ballot submitted by Coyotes Newco, LLC, the NHL affiliate that holds the claims in Class 3; that ballot also accepted the Plan.

4.      In accordance with Bankruptcy Code §1126(f), Class 1 was unimpaired under the Plan and was, therefore, deemed to accept the Plan without voting. In accordance with Bankruptcy Code § 1126(g), Class 4 under the Plan was deemed to reject the Plan without voting since its sole member, the holder of the equity interests in the Debtor, receives no distribution under the Plan.

5.      No party filed an objection to confirmation of the Plan by the February 16, 2011 deadline. Considering the unanimous balloting results and the lack of any objections, the Debtor is prepared to move the Court for confirmation of the Plan at the February 23, 2011 hearing. The Debtor does not believe an evidentiary hearing is required beyond the admission into evidence of the *Declaration of Jerry Moyes In Support of Confirmation of Second Amended Plan,* filed contemporaneously with this report.

Dated February 21, 2011

SQUIRE, SANDERS & DEMPSEY (US) LLP

By:   */s/ Jordan A. Kroop*
       Thomas J. Salerno
       Jordan A. Kroop
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
(602) 528-4000
Counsel to Debtor